USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-30-06

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION, :
:
PLAINTIFF, :
: Case No.: 06-cv-2401 (RCC)
v. :
:
ALEXANDER J. YAROSHINSKY, :
:
DEFENDANT. :

---

**~~PROPOSED~~ STIPULATED PRELIMINARY
INJUNCTION AND ORDER**

WHEREAS, on March 28, 2006, the Court entered an Order to Show Cause, Temporary

Restraining Order, and Order Freezing Assets and Granting Other Relief ("TRO") in this action;

WHEREAS, without admitting any of the allegations in the papers submitted in

connection with the TRO, including the Complaint and the TRO, and without waiving any rights,

objections, defenses or privileges, including without limitation, lack of personal jurisdiction,

improper venue and forum non conveniens, which rights, objections, defenses and privileges are

hereby preserved, and further reserving the right to dispute any and all findings recited in the

TRO, it is hereby stipulated and agreed between the Securities and Exchange Commission

("Commission") and Defendant Alexander J. Yaroshinsky ("Yaroshinsky"), subject to the

Court's approval and until the Court orders otherwise, that pending a final adjudication on the

merits:

I.

The Defendant, and his agents, servants, employees, attorneys, and those persons in active

concert or participation with them, and each of them, who by service or otherwise receive actual

notice of this Proposed Stipulated Preliminary Injunction and Order ("Stipulation and Order") are hereby enjoined and restrained from directly or indirectly, singly or in concert, in the offer or sale or in connection with the purchase or sale of any security, by use of the mails, or any means or instrumentality of transportation or communication in interstate commerce:

1. Employing any device, scheme or artifice to defraud,

2. Obtaining money or property by means of or otherwise making an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, and

3. Engaging in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser, in violation of Section 10(b) of the Exchange Act, 15 U. S. C. §§ 78j(b), and Rule10b-5, 17 C.F. R. §240.10b-5.

## II.

Defendant Yaroshinsky, his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Stipulation and Order, by personal service or otherwise, and each of them, must hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal whatsoever of the funds or other assets of Yaroshinsky presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts. Notwithstanding the foregoing:

1. Yaroshinsky shall be allowed reasonable ordinary living expenses not to exceed $15,000 per month for a maximum of six months; provided, however, that at the end of the six month period, Yaroshinsky may apply to the Court to seek an extension. Such living expenses shall be paid out of Yaroshinsky's account listed as Account No. 6 on the Declaration of Alexander J. Yaroshinsky dated March 30, 2006 ("Declaration"), submitted to the Commission contemporaneously with this Stipulation and Order;

2. Yaroshinsky shall be permitted to pay a retainer of $50,000 for attorney fees and costs in connection with this action to his counsel, DLA Piper Rudnick Gray Cary LLP ("Piper Rudnick"). Any such funds shall be used only in connection with Piper Rudnick's representation of Yaroshinsky in the instant action. Yaroshinsky or his counsel shall promptly advise the Commission with respect to the account from which he requests the retainer to be withdrawn. Notwithstanding the foregoing, Piper Rudnick may petition the Court for an additional retainer and, in such event, shall provide the Commission with a certification stating the total amount of all legal fees incurred by Yaroshinsky in defending this action and setting forth: the attorneys and other personnel who worked on the matter, the billing rate of each person, the total hours spent by each person on the matter and the amount of expenses incurred in the matter. Upon conclusion of this matter, whether by settlement or adjudication, Piper Rudnick shall provide the Commission with a final certification in the form described herein, and shall promptly remit any unused portion of its retainer to Yaroshinsky, which funds shall be deposited into Account No. 2 on the Declaration and shall remain frozen in his accounts;

3. Yaroshinsky may execute trades in frozen accounts for the sole purpose of disposing of securities in open market transactions for cash. Any such trades shall be limited to liquidations of existing positions in Yaroshinsky's accounts. In addition, any cash obtained from

- 3 -

such transactions shall not be withdrawn, removed, released or otherwise disposed of, and shall remain frozen in the accounts pursuant to the terms of this Stipulation and Order; and

4.    Yaroshinsky shall be permitted to sell his real property located at 954 Jackson Street, Mountain View, California; provided, however, that the net proceeds payable to Yaroshinsky from such sale shall promptly be deposited into Yaroshinsky's brokerage account listed as No. 2 on the Declaration, and thereafter shall not be withdrawn, removed, released or otherwise disposed of, except as permitted by the terms of this Stipulation and Order.

5.    Yaroshinsky shall be permitted to pay his 2005 income taxes in the amount listed as Expense No. 5 on his Declaration. The taxes owed shall be paid from the funds in Account No. 2 listed on the Declaration.

## III.

Except as otherwise provided herein, any financial or brokerage institution or other person or entity located within the territorial jurisdiction of the United States courts and holding any funds or other assets in the name, for the benefit or under the control of Yaroshinsky that receives actual notice of this Stipulation and Order by personal service, express courier service, facsimile transmission or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

## IV.

The Defendant, and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the Stipulation and Order by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from destroying, mutilating, concealing, altering or disposing of any document

- 4 -

referring or relating in any manner to the matters described in the Complaint in this action, or any transactions in the securities of any company referred to in the Complaint.

As used herein, a "document" includes, without limitation, correspondence, memoranda, minutes, notes, telephone records, reports, studies, facsimile transmissions, e-mails, telexes, diaries, calendar entries, contracts, agreements, drafts, electronic data compilations and non-identical copies of any of the foregoing.

## V.

The expedited discovery schedule provided in the TRO is adjourned, and the parties shall meet and confer regarding a proposed discovery schedule in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

## VI.

The hearing regarding the Commission's motion for a preliminary injunction scheduled for Friday, March 31, 2006 at 2:00 p.m. is rendered moot and is removed from the Court's calendar.

## VII.

Defendant Yaroshinsky hereby acknowledges that Piper Rudnick has the authority to, and has, accepted service of the papers filed to date in this action by the Commission.

Each party to this action hereby represents that its undersigned counsel is authorized to sign this Stipulation on his or its behalf.

SECURITIES AND EXCHANGE
COMMISSION

By:

Alan M. Lieberman, Esq. (AL-6517)
100 F Street, N.E.
Washington, D.C. 20549-4030
Telephone (202) 551-4474
Facsimile (202) 772-9245
liebermana@sec.gov

DLA PIPER RUDNICK
GRAY CARY US LLP

By:

Theodore Altman (TA-8368)
1251 Avenue of the Americas
New York, New York 10020
Telephone (212) 835-6000
Facsimile (212) 835-6001
theodore.altman@dlapiper.com
Counsel for Defendant

SO ORDERED:

Dated: New York, New York

March 31, 2006, at 11 am.

UNITED STATES DISTRICT JUDGE

-6-